NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DEONCA WILLIAMS | : | Civil Action No. 09-2999 (PGS) |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| PATERSON PUBLIC SCHOOLS | : | |
| Defendant. | : | |

**SHERIDAN, U.S.D.J.**

The matter is before the Court on Plaintiff, Deonca Williams's ("Williams"), motion to dismiss the answer, counterclaim, and crossclaim of Defendant, Paterson Public Schools ("Paterson Schools"), pursuant to the Federal Rules of Civil Procedure.[1]

**I. BACKGROUND AND PROCEDURAL HISTORY**

Williams, a pro se plaintiff, is an African-American woman. (Compl. 10; Docket No. 1.) On June 22, 2009, Williams instituted a civil action alleging discrimination based on race pursuant to

---

[1] Williams's motion to dismiss does not cite which Federal Rule of Civil Procedure she is relying upon for relief from Defendant's alleged failure to file a timely answer. However, it is apparent she is requesting that default be entered because Paterson School's answer was not timely. Accordingly, the Court will conduct the analysis of Plaintiff's motion pursuant to Fed. R. Civ. P. 55. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972)(a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers). Rule 55 provides for default judgment "when a party against who a judgment for affirmative relief is sought has failed to plead or otherwise defend." Indeed, Paterson Schools also cites Rule 55 as the governing rule in their opposition brief. (See Paterson Schools Opp'n Br. at 1; Docket No. 34.)

1

Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000(e), et seq.). (Compl. 4; Docket No. 1.) More specifically, Williams alleges, <u>inter alia</u>, that she was subjected to constant harassment and wrongfully termination as the only non-Hispanic teacher who taught Spanish in Paterson Schools.[2] (Compl. 1; Docket No. 1.)

The procedural history in this case presents considerable practical challenges in resolving the contested issues.  On January 29, 2010, Williams filed an amended complaint without leave of court ("Amended Complaint"), which Paterson Schools answered, counterclaimed, and crossclaimed on March 2, 2010.[3]  On April 5, 2010, Williams filed a motion to dismiss the answer, counterclaim, and crossclaim of Paterson schools for failure to file a timely answer and insufficient service of process.[4] The Court will limit its focus to the operative pleadings and motions hereinafter.[5]

---

[2] Although it is not entirely clear from Plaintiff's complaint, Williams also appears to allege retaliation, libel, defamation, intentional infliction of emotional distress, and conversion. (<u>See</u> Compl. ¶¶ 33-50; Docket No. 1.)

[3] While Williams did not seek permission to amend her complaint, the Court will set the matter aside as Defendant filed an answer and did not object.

[4] The Court need not consider the merit of Defendant's crossclaim because it is simply a claim to preserve Paterson Schools' right to seek contribution and indemnity against future co-defendants. (<u>See</u> Answer to Am. Compl. at 20; Docket No. 33.)  Contrary to Plaintiff's contention, Defendant's crossclaim is not a claim brought against Williams. (Williams Reply Br. at 2-3; Docket No. 42.)

Moreover, plaintiff's claim as to service of process lacks credibility.  Williams is fully aware that Paterson Schools counterclaimed and crossclaimed in their answer to her Amended Complaint because she specifically addressed those issues in her papers, yet Plaintiff contends that she was not served a copy of Defendant's answer. (Williams Mot. to Dismiss at 1, 3, 5; Docket No. 41.) This makes little sense.  Lastly, Plaintiff's citation to N.J. Court Rules on service of process is not controlling here. (Williams Mot. to Dismiss at 1; Docket No. 41.)

[5] On February 16, 2010, seventeen days after filing the Amended Complaint, Plaintiff filed her first motion to dismiss Paterson School's answer to the initial complaint (Docket No. 32).  Paterson Schools had not yet responded to the Amended Complaint.  On March 2, 2010, Paterson Schools filed an Answer to the Amended Complaint.  The filing of the Amended

2

## II. DISCUSSION

It is well established that a district court has discretion to enter a default judgment when a party "has failed to plead or otherwise defend" an action. Fed. R. Civ. P. 55(a); D.B. v. Bloom, 896 F.Supp. 166, 169-70 (D.N.J. 1995). Default judgment may be entered against a defendant who filed an answer but who subsequently failed to appear at trial. Hoxworth v. Binder, Robinson & Co., Inc., 980 F.2d 912, 918 (3d Cir. 1992). The Third Circuit has noted, a district court may "impose[] . . . default judgment against the defendants for failure to . . . respond to the plaintiffs' discovery requests." Id.

The Third Circuit has set forth six factors when considering whether to issue an order that would deprive a party of the right to defend against a claim. Those factors are (1) the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and, (6) the meritoriousness of the claim or defense. Poulis v. State Farm and Casualty Co., 747 F.2d 863, 868-70 (3d Cir. 1984).

In the present case, there is no evidence of a history of dilatoriness or willful conduct on behalf of Paterson Schools. While Paterson Schools answered, counterclaimed, crossclaimed roughly ten days after the prescribed deadline, there is no evidence that the Defendant's untimely filing subjected Williams to unfair prejudice.[6] Lastly, a default judgment would unfairly prejudice

---

Complaint and subsequent Answer made the prior pleadings and motion to dismiss the previous answer moot. The Amended Complaint (Docket No. 30) and corresponding Answer (Docket No. 33) are the operative pleading documents.

[6] Fed. R. Civ. P. 12(a)(1)(A) provides that a defendant must serve an answer "within 21 days after being served with the summons and complaint."

3

the Defendant as Paterson Schools has established the meritoriousness of their counterclaim and defense.[7] There is no evidence that the Defendant's alleged non-compliance was willful or unfairly prejudiced Plaintiff. [8]

---

[7] Defendant contends that Plaintiff was a non-tenured, at-will employee within Paterson Public Schools and that the reasons for her release stem from her lack of qualifications and poor performance. (Paterson Schools Opp'n. Br. at 4; Docket No. 34.)

[8] Plaintiff also moved for dismissal pursuant to N.J.S.A. 2A:15-59.1. (Williams's Motion to Dismiss at 5; Docket No. 41.)  That state statute is inapplicable here because the Federal Rules of Civil Procedure govern this case.

Additionally, in Plaintiff's first motion to dismiss filed contemporaneously with her Amended Complaint, Williams argued that Defendant's counterclaim should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 32 at 4.)  While Plaintiff's first motion is moot because Defendant has filed an answer responding to Plaintiff's Amended Complaint, the Court will briefly address Williams's claim.  On a motion to dismiss for failure to state a claim, the Court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view the facts in a light most favorable to the non-moving party. See Ashcroft v. Iqbal, --- U.S.---, 129 S.Ct. 1937, 1949-50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. Iqbal, 129 S.Ct. at 1950.

In the present case, Defendant has filed a counterclaim pursuant to Fed. R. Civ. P. 11 against Williams for instituting a frivolous lawsuit. (Answer to Am. Compl. at 22; Docket No. 33.)  To be frivolous under Rule 11, there must be no legal basis for suit, and no argument "advocating a good faith extension or modification of current law." Napier v. Thirty or More Unidentified Federal Agents, 855 F.2d 1080, 1090-91 (3d Cir. 1988).  Here, Defendant alleges that Plaintiff instituted an action for which there is no legal merit. (Answer to Am. Compl. at 22; Docket No. 33.)  Paterson Schools' allegation taken as true states a claim for the purposes of Fed. R. Civ. P. 12(b)(6), and was adequately plead.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to dismiss (Docket No. 42) is denied. Additionally, Plaintiff's initial motion to dismiss the previous Answer (Docket No. 32) is also denied.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

May 4, 2010