NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **DEONCA WILLIAMS,** : | | |
| : | | |
| Plaintiff, : | Civil Action No. 09-2999 (PGS) | |
| : | | |
| v. : | | |
| : | | |
| **PATERSON PUBLIC SCHOOLS,** : | | |
| : | | |
| Defendant. : | OPINION | |
| _____: | | |

Pending before this Court is a motion by pro se Plaintiff Deonca Williams ("Plaintiff") seeking that I recuse myself from the above referenced proceedings pursuant to 28 U.S.C. § 144 or § 455. (Docket Entry No. 36). Having considered the parties' submissions, the Court **DENIES** Plaintiff's Motion.

**I.    FACTUAL HISTORY AND PROCEDURAL BACKGROUND**

On or about June 22, 2009, Plaintiff instituted this action against Defendants Paterson Public Schools ("Defendant") for wrongful termination, defamation, theft and intentional infliction of emotional distress. [Docket Entry No. 1, the "Complaint"]. On July 8, 2009, Defendant filed its answer and counterclaims. [Docket Entry No. 5]. Thereafter, on September 14, 2009, this Court held a scheduling conference pursuant to Fed. R. Civ. P. 16 where the Court set various deadlines for discovery. On January 11, 2010, this Court held a second in person status conference and heard argument regarding Defendant's preliminary objections to the breadth and scope of the Plaintiff's

1

discovery demands.[1]  The Court made general rulings setting time and scope limits for the discovery requests and ordered that the parties meet and confer and write to the Court should there be further disputes.  The Court then set another in person conference for March 16, 2010.  Two months later, and four days prior to the March 16, 2010 conference, Plaintiff filed the instant motion.  Plaintiff noted that she would not attend the March 16, 2010 conference.

In support of her motion, Plaintiff submitted an affidavit in which she seeks my recusal because I allegedly (1) expressed my opinion concerning the outcome of the case; (2) expressed personal knowledge and familiarity with the disputed evidentiary facts; (3) treated Plaintiff in a "hostile, antagonistic and arrogant manner" and (4) wished to suppress the evidence and testimony. *See* Affidavit in Support of Motion to Recuse Honorable Esther Salas ("Pl. Aff.") at ¶¶ 3 - 6. Defendant has opposed Plaintiff's motion arguing that Plaintiff cannot meet the standard for recusal under either 28 U.S.C. § 144 or § 455.  *See* Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Recuse Hon. Esther Salas ("Def. Opp.").

## II.     LEGAL ANALYSIS

It is within the discretion of the trial judge to decide whether to recuse.  *See United States v. Wilensky*, 757 F.2d 594, 599-600 (3d Cir. 1985).  Plaintiff seeks my rescusal under both 28 U.S.C. § 144 and § 455.  As an initial matter, the Court notes that courts in this district have construed Section 144 to apply only to district court judges and not to magistrate judges.  *See Thompson v. Eva's Village & Sheltering Program*, No. Civ. A. 04-2548, 2005 WL 2474930, at * 1 (D.N.J. Oct. 5, 2005).  Moreover, the text of Section 144 does not specify that it applies to magistrate judges

---

[1]   As a general practice in each matter, the Court maintains a case journal.  The information in the above background was obtained from the Court's notes in that journal.

while the text of Section 455 does. Nonetheless, the Court will analyze Plaintiff's motion under both sections.

In brief, the above noted statutes provide two scenarios for granting a motion for recusal: "(1) the judge has a personal bias or prejudice to the party, *see* 28 U.S.C. § 144, 455(b)(1) or (2) the judge's impartiality might reasonably be questioned, *see* 28 U.S.C. § 455(a)." *Thompson*, 2005 WL 2474930, at * 1. The notable difference between Section 144 and 455(b)(1) is that Section 144 requires a "timely and sufficient" affidavit, while Section 455(b)(1) does not.

Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455 (b)(1) provides for recusal where a judge has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

As to the affidavit requirement in Section 144, this Court finds that Plaintiff's affidavit is not sufficient. *See Cooney v. Booth*, 262 F.Supp.2d 494, 500-01 (E.D.Pa. 2003) (finding that requests

for recusal must be based on facts and not speculation, conclusory statements or the movant's opinion). Plaintiff's affidavit reflects only conclusory statements about her opinions regarding why recusal is appropriate. For example, Plaintiff states that I have expressed my opinion about the outcome of this case but does not refer this Court to any support for such a statement. *See* Pl. Aff. at ¶ 3. In fact, Plaintiff does not support any of her statements through citations to the record, any transcript or documents. *See Grand Entertainment Group, Ltd. v. Arazy*,. 676 F.Supp. 616, 618-619 (E.D.Pa. 1987) (finding that "the affidavit must set forth relevant facts including time, place, persons, circumstances and the extra-judicial statements or actions of the judge which would call into question the impartiality of the judge"). As such, this Court finds that Plaintiff's affidavit, for the purposes of Section 144, is not sufficient. Thus, Plaintiff cannot meet the requirements of Section 144 and the motion is denied on those grounds.

As to the substantive aspect of Sections 144 and 455, "[i]f a party claims that a judge should recuse because of personal bias, prejudice or lack of impartiality toward that party, he generally must show that such bias or prejudice is grounded in extrajudicial sources, such as personal animus, rather than judicial actions that can be corrected on appeal." *Thompson,* 2005 WL 2474930, at * 2; *see also United States v. Sciarra*, 851 F.2d 621, 635 (3d Cir. 1988) (finding that Section 455(a) "requires only the objective appearance of bias, subsection (b)(1) requires bias-in-fact"). Extrajudicial bias is "not derived from the evidence or conduct of the parties that the judge observes in the course of the proceedings." *Johnson v. Trueblood*, 629 F.2d 287, 291 (3d Cir. 1980). Without extrajudicial bias, to obtain recusal "a party seeking recusal must show that a judge has a 'deep-seated and unequivocal antagonism that would render fair judgment impossible....'" *Thompson,* 2005 WL 2474930, at * 2

(quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). As to Section 455(a), the Court must consider "whether a reasonable person, with the knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 296 (3d Cir. 2004) (internal citations omitted).

Here, Plaintiff has failed to demonstrate that the Court has either a personal bias or prejudice derived from extrajudicial sources, an inability to render fair judgment or a lack of impartiality. Plaintiff's affidavit states that this Court has personal bias and prejudice but does not state any support for such a statement. *See* Pl. Aff. at ¶ 7. Plaintiff's affidavit also states that this Court has "expressed personal knowledge and familiarity concerning disputed evidentiary facts," that Defendants have admitted an "affiliation and relationship" with this Court and that this Court "argue[d] with the Plaintiff that certain employees of the defendants [sic] speak or do not speak English." *Id.* at ¶ 4; Plaintiff's Response to Defendants' Affidavit Opposing Plaintiff's Motion to Recuse Hon. Salas ("Pl. Reply") at ¶¶ 2, 19. Once again, however, Plaintiff has merely stated conclusions and opinions and has failed to demonstrate one piece of evidence to support her conclusions. Based on the above, a reasonable person could not find that this Court is unable to render a fair and impartial decision.

Plaintiff also states that this Court has "expressed her opinion concerning the outcome of this case as she stated she needed to move things along rapidly if the case survives it to trial." Pl. Aff. at ¶ 3. Plaintiff contends that this Court informed the Plaintiff that she will "have to live with the evidence the defendants may not be able to produce." Pl. Reply at ¶ 19. While there is no evidentiary support for these statements, assuming the statements are true for the purposes of this

motion, such a statement is not grounds for recusal, nor evidence of bias, prejudice or lack of impartiality.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (finding that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings... do not constitute a basis for a bias or partiality motion unless they display a deep-seating favoritism or antagonism that would make fair judgment impossible").  An expression about how this Court wishes to handle the management of this case does not demonstrate favoritism or antagonism.  *Id.* at 555-56 (finding that "expressions of impatience, dissatisfaction, annoyance and even anger" do not establish bias and that "[a] judge's ordinary efforts at courtroom administration - even a stern and short-tempered judge's ordinary efforts at courtroom administration - remain immune"); *see also SecuraComm Consulting, Inc. v. Securacom, Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) (finding that litigants do not have rights to demand recusal based on unfavorable rulings).

Finally, Plaintiff alleges that she requested the audio records from the September 14, 2009 and January 11, 2010 proceedings before this Court and the Court failed to provide them.  Pl. Reply at ¶ 3.  Plaintiff also states that the "failure to provide these records validates Plaintiff's claim that [the Court] is biased in favor of the defendants." *Id.*  Prior to the filing of the instant motion, the docket reflects that Plaintiff sent two letters, the first dated January 22, 2010 (Docket Entry No. 28) and January 29, 2010 (Docket Entry No. 31) requesting copies of the audio from the September and January proceedings from the Clerk of the Court.  In response, the Court sent a letter via certified mail dated January 28, 2010 referring Plaintiff to KLJ Transcription Services so that Plaintiff may order a copy of the transcript.  Plaintiff received this letter on February 2, 2010.  The Court does not have control over KLJ and is unaware if Plaintiff contacted them for the requested information.

Nonetheless, even assuming this allegation is true, it is not evidence of such a personal bias or prejudice derived from extrajudicial sources, an inability to render fair judgment or a lack of impartiality. Any concern by Plaintiff regarding receipt of the transcript of court proceedings is an issue that can be corrected upon appeal. *See Thompson,* 2005 WL 2474930, at * 2. As such, the Court finds that Plaintiff's allegation is not sufficient evidence to require this Court's recusal.

In sum, Plaintiff has failed to meet her burden to demonstrate this Court's bias, prejudice or partiality based on extrajudicial evidence or a "deep-seated and unequivocal antagonism." Plaintiff has neither demonstrated a bias or a bias-in-fact. Merely repeating the words delineated in Sections 144 and 455 without evidence to support such serious allegations does not meet the standard to demonstrate actions meriting recusal.

### III.   CONCLUSION

For these reasons, the Court will deny Plaintiff's Motion for Recusal.

s/ Esther Salas
**ESTHER SALAS**
**UNITED STATES MAGISTRATE JUDGE**